## Henry F. Rieck v. Jenks N. Griffin.

Filed June 8, 1905.   No. 13,820.

1. Pleading: Departure. Petition in the district court examined, and *held* not a departure from the issues tendered in the county court.

2. Foreign Statute: Seal: Evidence. The public seal of another state affixed to a copy of a written law of that state is admissible as evidence of such law.

3. ———: Parol Evidence. The unwritten law of another state may be proved by parol evidence .

4. Instructions examined, and *held* not prejudicial.

Error to the district court for Douglas county: William A. Redick, Judge. *Affirmed.*

*Charles Battelle* and *William Baird & Sons,* for plaintiff in error.

*Rich & Clapp* and *Stillman & Price, contra.*

Oldham, C.

This was an action originally instituted in the county court of Douglas county, Nebraska, on the following due bill, or note of hand: "Oakland, Ark., Dec. 26, 1899. Due J. N. Griffin, on or before Feb. 10, 1900, Seven Hundred and fifty Dollars ($750) on the John Noe tract of land lying in Marion Co. Ark. as follows: N. ½ N. W. ¼ & S. W. ¼ of N. W. ¼ & N. W. ¼ of N. E. ¼ Sec. 34, township 21 range 15 W. North White River, for the purchase money of same.   (Signed) Henry F. Rieck."

The petition alleged that defendant had paid upon said note an amount duly indorsed thereon: "Received the sum of $171.05, being balance of purchase money after paying all costs, for which lands sold, this Oct. 27, 1900." The petition prayed judgment for the balance due on the note, with interest. The answer denied that plaintiff was the owner and the real party in interest in the

note, and alleged that, if defendant signed the note, his signature was procured through fraud and misrepresentation of the plaintiff as to the nature and character of the instrument signed. The answer, for further defense, alleged that on the 10th day of April, 1900, the plaintiff with one John Noe, as parties plaintiff, began an action in equity in Marion county, Arkansas, against the defendant to foreclose a vendor's lien upon the premises for the unpaid purchase money; that, on constructive service on the defendant, said action was prosecuted to a final judgment, and the premises sold and purchased by one R. L. Berry, to whom was issued a certificate of purchase, which was transferred to the plaintiff, J. N. Griffin; that the sale was confirmed, and deed issued to said J. N. Griffin, who became, thereupon, the owner of said real estate. The answer also pleads a counterclaim for $800 of the purchase money advanced, and a $150 alleged to have been given to the plaintiff for the purchase of options, which plaintiff failed to make. Plaintiff, by way of reply to this answer, denied that any fraud had been practiced on the defendant in procuring his signature to the note in suit; admitted that an action had been prosecuted in Marion county, Arkansas, for the foreclosure of a vendor's lien, and pleaded the laws of the state of Arkansas, which authorized such action; denied that plaintiff was purchaser at the judicial sale, and admitted that he had purchased the certificate, for a valuable consideration, on which he had subsequently procured a deed to the premises. On a trial in the county court, defendant had a jugdment, and the cause was removed by appeal to the district court for Douglas county, where, on a trial to the court and jury, plaintiff had a verdict and judgment for $594.51, and to reverse this judgment defendant brings error to this court.

The plaintiff filed a new petition in the district court, in which he alleged the entire transaction connected with the signing of the note, the proceeding to foreclose the vendor's lien, and the laws of Arkansas authorizing the

petition. Defendant filed a motion to strike from the petion the allegations with reference to the laws of Arkansas and the foreclosure proceeding, as they were a departure from the issues tendered in the county court. This motion was overruled. The action of the court in overruling this motion is urged as erroneous in defendant's brief.

We are unable to see any departure from the original issue tendered in the county court. The suit was on a due bill, or a note of hand. The proceeding for the foreclosure of the vendor's lien had been pleaded in the county court in defendant's answer as a bar to the right of further recovery on the instrument. A reply had been filed in that court pleading the laws of Arkansas, which authorized the proceedings. While it was not requisite for the plaintiff to anticipate this defense, yet it was, at most, error without prejudice not to do so.

The next alleged error called to our attention is as to the action of the trial court in admitting proof of a digest of the statutes of Arkansas. The sections of the digest offered in evidence bore the following certificate:

"State of Arkansas, County of Pulaski, ss. I, John W. Crockett, secretary of state in and for the state of Arkansas, duly qualified and acting, do hereby certify that the foregoing sections of the digest of the statutes of the state of Arkansas, compiled in the year 1884, which are numbered, secs. 4994, 5172, and 5170, are true and correct copies of said sections of the digest of the statutes of the laws of the state of Arkansas, compiled in the year 1884, and that said sections of the law are still in full force and effect and have not been repealed or amended and are now a part of the statutory laws of the state of Arkansas. Witness my hand and seal of office on this 11th day of May, 1903. Jno. W. Crockett, Secretary of State. (Seal.)"

This certificate, we think, is sufficient under the provisions of section 420 of the code, which is as follows: "The public seal of the state or county affixed to a copy of a written law or other public writing, is also admissible as evidence of such law or writing respectively; the un-

written law of any other state or government may be proved as fact by parol evidence, and also by the books of reports of cases adjudged in their courts." Objections are also urged against the action of the court in admitting in proof of the unwritten law of the state of Arkansas the testimony of an attorney at law of that state. Our statute, however, as before set out, admits oral proof of the unwritten law of a sister state, and the witness offered showed himself qualified by long years of experience in the practice of law in all courts of that state, to give such testimony.

Objections are urged against the instructions given by the trial court. But a careful examination of the entire charge to the jury shows that the instructions were as favorable to the defendant as either the evidence or law would warrant. Finding no reversible error in the record, we therefore recommend that the judgment of the district court be affirmed.

Ames and Letton, CC., concur.

By the Court: For the reasons given in the above opinion, the judgment of the district court is

AFFIRMED.